## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re<br>Alexander E. Jones,<br>    Debtor, | Bankruptcy<br>Case No. 22-33553 (CML)<br><br>Chapter 7 |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash,<br>    Plaintiffs,<br>       v.<br>Alexander E. Jones,<br>    Defendant. | Adv. Pro. No.: 24-03279 (CML) |

**CONNECTICUT PLAINTIFFS' RESPONSE TO ALEXANDER E. JONES'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**
**[Relates to Docket No. 28]**

    David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash (collectively, the Connecticut Plaintiffs), by and through undersigned counsel, hereby file this Response to Jones's Motion for Leave to File Second Amended Counterclaim (Motion for Leave), and in support of thereof, the Connecticut Plaintiffs state as follows:

### I. INTRODUCTION

    1.    In his Motion for Leave, Alexander E. Jones (Jones) seeks to add factual support for his § 1983 counterclaims against the Connecticut Plaintiffs. The relevant

thrust of those counterclaims is that the non-governmental Connecticut Plaintiffs were nonetheless acting under color of state law when they sought and obtained death penalty sanctions in a defamation trial against Jones. In February 2025, the Connecticut Plaintiffs filed a motion to dismiss on, among other grounds, Jones's failure to allege the Connecticut Plaintiffs were acting under color of state law.

2. Jones counterclaims and his proposed amendments are inappropriate for several reasons:

  a. The Court lacks jurisdiction and must remand, mooting the Motion for Leave.

  b. This proceeding is a post-judgment collection action in which Jones cannot assert any counterclaims, much less those that collaterally attack the underlying judgment.

  c. Jones still has not yet alleged facts showing the Connecticut Plaintiffs were acting under color of state law when they sought and obtained the sanctiosn against Jones.

  d. Jones's counterclaims are subject to affirmative defenses that are apparent from the face of the pleadings.

  e. Jones delaying one year to seek leave to amend his counterclaims is undue delay.

  f. Jones counterclaims and his attempt to amend them cause the Connecticut Plaintiffs undue prejudice.

3. The Court should deny Jones's Motion for Leave.

## II. RESPONSE TO JONES'S ARGUMENTS

4. Leave to amend, while "freely given when justice so requires," is not automatic. FED. R. CIV. P. 15; *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir.2005). "Liberality in pleading does not bestow on a litigant the privilege of neglecting [its] case for a long period of time." *Agar Corp. v. Multi-Fluids Inc.*, No. CIV.A. H-95-5105, 1998 WL 425474, at *3 (S.D. Tex. Apr. 17, 1998), *aff'd sub nom. Agar Corp.*

*v. Multi-Fluid, Inc.*, 215 F.3d 1340 (Fed. Cir. 1999) (citing *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 686 (1997)). A party's ability to amend their pleadings must be tempered by the district court's need to manage a case. *Id.* Granting leave to amend is within the sound discretion of the trial court. *See Dougherty v. US Bank & Tr. Nat'l Ass'n*, No. CV H-19-3037, 2020 WL 3525459, at *1 (S.D. Tex. Jan. 6, 2020). In exercising its discretion, the court considers several factors including undue delay, bad faith or dilatory motive of the movant, repeated failure to cure deficiencies in amendments, undue prejudice to the opposing party, and futility of the amendment. *Id.* Jones's Motion for Leave should be denied as moot or on its merits because his counterclaims are futile and because his proposed Second Amended Counterclais are the result of undue delay and will cause undue prejudice.

### A. The Connecticut Plaintiffs' motion to remand moots Jones's motion for leave.

5. While this proceeding was pending in the Western District, the Plaintiffs filed, among other things, a Motion to Remand. That Motion to Remand is still pending. *See* Motion to Abstain and to Remand [Dkt. No. 9].

6. As is more fully explained in the Motion to Remand, remand is required for multiple reasons. First, Jones's removal notice was filed sixty-two days after he received notice of filing and was, therefore, untimely. Second, a proceeding under the UEFJA is ancillary to rather than "a suit separate from" another suit in state court, and is therefore not a "civil action" that may be removed under Section 1441. *See Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013). Third, Jones is a forum state defendant and, because UEFJA proceedings do not require Plaintiffs to "join and serve" the defendants, snap removal is not available. Fourth, as a forum-state defendant

himself, Jones may never utilize snap removal regardless of the nature of the proceeding. Fifth, the UEFJA proceeding is not related to Jones's bankruptcy because the Plaintiffs crafted the UEFJA proceeding to be expressly separate from that bankruptcy and the bankruptcy estate. And lastly, the fourteen factors to be considered and balanced in determining whether to exercise discretionary abstention and equitable remand favor remand of this proceeding.

7. Remand is required. And because the Court only has jurisdiction to consider its own jurisdiction, the Court lacks jurisdiction to act on Jones's motion for leave. *See. S. Commodities, LLC v. Cont'l W. Ins. Co.*, No. DR-17-CV-011-AM-VRG, 2017 WL 5203051, at *5 (W.D. Tex. July 25, 2017), report and recommendation adopted, No. DR:17-CV-11-AM, 2017 WL 5484693 (W.D. Tex. Aug. 14, 2017). All it can do is dismiss it as moot.

### B. *Jones's counterclaims are futile.*

8. The futility of Jones's proposed amendment encompasses three issues.

9. The first is the constraints imposed by this proceeding's limited procedural scope. The filing of a foreign judgment under the UEFJA comprises both the plaintiff's original petition and the final judgment. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). Once filed, the "foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." TEX. CIV. PRAC. & REM. CODE § 35.003(c). To challenge a judgment domesticated under the UEFJA, a judgment debtor must file a motion for new trial. But that does not grant the judgment debtor license to file any type of motion for new trial—*it only "refers to the procedural devices available to vacate a Texas judgment." Counsel Fin. Services, L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 54 (Tex. App.—San Antonio 2010, pet.

denied) (emphasis in original). That leaves the judgment debtor with these substantive challenges: "(1) the foreign judgment is interlocutory; (2) the foreign judgment is subject to modification under the law of the rendering state; (3) the rendering state court lacked jurisdiction; (4) the foreign judgment was procured by extrinsic fraud; and (5) pursuant to section 35.003(c) of the Texas Civil Practice and Remedies Code, the period of time to file the foreign judgment had expired." *Id.* Any other form of pleading or court activity, such as an answer, amended petition, or trial and judgment, is a nullity. *Walnut Equip. Leasing Co., Inc.*, 920 S.W.2d at 286. Jones did not pursue any of those permissible challenges, so his responsive pleadings and counterclaims are nullities.

10. The Texas turnover statute likewise is a limited, procedural devise that assists judgment creditors in obtaining satisfaction of their judgments. *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018). It does not bestow "authority on trial courts to decide the substantive rights of the parties properly before it in a turnover proceeding." *Id.* at 585. Jones knows this because in other appeals he has hypocritically cited these very same characteristics of the turnover statute to *oppose* the Connecticut Plaintiffs' pursuit of a turnover order. But despite the proceeding's limited, state court focus, Jones's counterclaims seek to establish substantive rights against the Connecticut Plaintiffs and their judgment.

11. The Court would not entertain Jones's counterclaims if he were to bring them after a judgment entered in the first place by this Court. There is no difference when the underlying judgment was first rendered in a foreign court and domesticated under the UEFJA.

12. The second reason Jones's counterclaims are futile is because Jones fails to state a claim. An essential element of Jones's § 1983 claim is that the Connecticut Families

"were acting under color of state law *when they committed the constitutional violation.*" *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (emphasis added). Further, when defendants to a § 1983 lawsuit are non-governmental actors, two avenues exist by which state action may be found. The first is when the non-governmental actor "performs a function which is traditionally the exclusive province of the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Those functions typically involve a person performing ancillary functions to law enforcement or corrections facilities. The second is when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Id.* Essentially, the Court must look to whether there is an "air of authority" to the complained of incident. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 465 (5th Cir. 2010). Pleading actionable facts against non-governmental actors is made even more difficult when, as here, "an independent evaluation by the judiciary had taken place." *Howard Gault Co. v. Tex. Rural Legal Aid, Inc.*, 848 F.2d 544, 554 (5th Cir. 1988). In those intances, "a private party acts under color of state law only when there is corruption of judicial power by the private litigant." *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982) (citing *Dennis v. Sparks*, 449 U.S. 24 (1980)). Bribery is the commonly cited example of the necessary level of corruption. *See id.* The second exception is when the "state has created a system which allows state officials to attach property on *ex parte* application." *Earnest*, 690 F.2d at 1201.

13. The Second Amended Complaint does not make that link between state authority and the complained of violation. The constitutional violations Jones alleges involve the Connecticut trial court's imposition of death penalty sanctions against him for Jones's violations of protective orders and discovery abuse. Jones tries to make that link by pleading facts demonstrating that "Sandy Hook was a state institution; many of the

Connecticut Plaintiffs were relatives of state employees; and the state through various agencies including a commission established by the Governor of Connecticut and Connecticut law enforcement, provided assistance to the Connecticut Plaintiffs." [Dkt. No. 28 at ¶ 40].

14. A cursory analysis of the additional facts Jones alleges demonstrates that he does not sufficiently plead state action. For example, Jones pleads that the State of Connecticut set up a commission that made policy decisions that were antithetical to positions Jones was opposed to. [Dkt. No. 28 at Ex. A, ¶ 72]. And that Connecticut law-enforcement and state agencies investigated the deaths of the Connecticut Plaintiffs' family members and interfaced with the Connecticut Plaintiffs about those invetigations. [Dkt. No. 28 at Ex. A, ¶ 73]. None of these activities provides a nexus between the alleged state influence and the death penalty sanctions. And none of them demonstrate a corruption of judicial power or anything other than an exercise of independent judicial discretion.

15. Jones cites *Howard Gault Co.* for the proposition that the Connecticut communities' hostility toward him converts the Connecticut Plaintiffs' private pursuit of their lawsuit into state action. However, he again fails to make the correct causative link. In *Howard Gault Co.*, the Fifth Circuit addressed a private litigant's use of Texas's unconstitutional Mass Picketing Statute to obtain a TRO. In finding that the complained of conduct was taken under the color of state law, the Fifth Circuit considered facts beyond community hostility. Importantly, the Court noted that the private litigant defendant hired active district attorneys to obtain the TRO under the statute and obtained assistance from the sherriff's and Attorney General's office that would only be available to public actors. *Howard Gault Co.*, 848 F.2d at 555. Here, all Jones has alleged is that people

generally find him and his conduct reprehensible and have taken ideological positions contrary to his own. Jones does not, as required by *Howard Gault Co.* allege a single fact showing that any of the alleged state involvement was used to obtain the sactions.

16. Ultimately, what Jones argues for is that the Connecticut Plaintiffs be deemed state actors for all purposes no matter what the context. But that is not even the law for state officials. There must be "a nexus between the victim, the improper conduct, and [the officer's] performance of official duties." *Bustos*, 599 F.3d at 464–65. Unless the officer uses his official power to pursue his personal objectives, the actions remain purely private. Jones does not allege any facts regarding this nexus.

17. Morever, Jones dedicates many of his new factual allegations to reference involvement by the Federal Bureau of Investigation or Department of Justice. As federal actors, these allegations will not support a cause of action under § 1983.

18. The third aspect of why Jones' counterclaims are futile is because the affirmative defenses of collateral estoppel and the judicial proceedings privilege appear on the face of Jones's pleadings.  The Connecticut Plaintiffs have already moved to dismiss on this ground. *See* [Dkt. No. 20]; *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (providing authority do dismiss based on certain affirmative defenses). And Jones's new allegations do not address either defense.

### C. There exists both undue delay and undue prejudice.

19. Another set of related factors that weigh in favor of denying the Motion for Leave are the existence of undue delay and prejudice.  In considering whether delay or prejudice has been undue, the Fifth Circuit recently reiterated that the timing of a motion for leave to amend relative to a motion to dismiss can be a dispositive consideration. In such cases, "When parties delay seeking leave to amend for several months after a motion

to dismiss is filed, we have held that district courts do not abuse their discretion in denying the request for leave." *Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Injury, L.L.C.*, No. 24-20275, 2026 WL 507787, at *5 (5th Cir. Feb. 24, 2026). Other relevant considerations include "(1) an 'unexplained delay' ... and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed." *Id.*

20.  Here, Jones did not seek leave to amend for an entire year after the Connecticut Plaintiffs filed their motion to dismiss. His only explanation is that he was "diligently searching and investigating to meet the grounds alleged by the Counterclaim Defendants as to why the original counterclaims should be dismissed." And his only argument in support is that the Connecticut Plaintiffs' UEFJA suit was premature and of no effect.[1] Neither of these are dispositive nor dispel a finding of undue delay. Rather, the substantive law underlying his claims expose his rationale for the the self-serving excuses they are. Under that substantive law, Jones must allege facts sufficient to conclude that the Connecticut Plaintiffs were clothed in an "air of official authority" that pervaded the Connecticut trial judge's imposition of death penalty sanctions such that it was no longer an independent exercise of discretion. *Bustos*, 599 F.3d at 465. Those facts are necessarily ones that would have been known to Jones in 2022 when the sanctions were imposed. But he does not allege any new facts that occurred in the Connecticut courthouse, only those that occurred far from it. Also as exaplained above, this proceeding is in a post-judgment procedural posture. In that posture, the facts that constitute undue delay and

---

[1] If Jones truly thought the Connecticut Plaintiffs' UEFJA suit was premature, he could have filed a motion for new trial as required by Texas law. And if he truly though it was a violation of the automatic stay, he could have sought separate relief in this Court. He chose to do neither.

prejudice are more readily found. *See Farmers Tex. Cnty. Mut. Ins. Co.*, 2026 WL 507787, at *5.

21. Lastly, the prejudice that will and has been caused to the Connecticut Plaintiffs is manifest. Jones's counterclaims are a unabashed collateral attack on a valid, final, and unappealble judgment. He asks the Court to "issue appropriate declarations that the acts herein complaint of and others that shall be proved at trial are unconstitutional and hence void." So long as Jones continues to assert his counterclaims and serially transfer this proceeding to other forums and venues, Jones impermissibly frustrates the Connecticut Plaintiffs' post-judgment remedies. That prejudice is further exemplified because Jones seeks to use a pre-petition estate asset—his alleged claims against his largest creditor—to frustrate their collection efforts. Having to again respond to another baseless pleading wastes assets of the Connecticut Plaintiff and Jones's bankruptcy estate alike.

### III.     RELIEF REQUESTED

WHEREFORE, David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash (collectively, the Connecticut Plaintiffs) respectfully request that this Court deny Jones's Motion for Leave, and grant such other and further relief the Court deems just and proper under the circumstances.

Dated: 5th day of March 2026

                                        */s/ Ryan E. Chapple*
                                        Ryan E. Chapple
                                        State Bar No. 24036354
                                        rchapple@cstrial.com
                                        **CAIN & SKARNULIS PLLC**

303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Jones's Motion for Leave to File Second Amended Counterclaim has been served on counsel for the Debtor/Defendant, Debtor/Defendant, and all parties receiving or entitled to notice through CM/ECF on this 5th day of March 2026.

*/s/ Ryan E. Chapple*
Ryan E. Chapple