IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: ALEXANDER E. JONES, | § § § | CASE NO. 22-33553 (CML) |
| Debtor. | § § § | Chapter 7 |
| | § § § | |
| David Wheeler, Francine Wheeler, Jacqueline Barden, Mark Barden, Nicole Hockley, Ian Hockley, Jennifer Hensel, Donna Soto, Carlee Soto Parisi, Carlos M. Soto, Jillian Soto-Marino, William Aldenberg, William Sherlach, Robert Parker, and Erica Ash, Plaintiffs, v. Alexander E. Jones, Defendant. | § § § § § § § § § § § § § § § | ADV NO. 24-03279 (CML) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM**

TO THE HONORABLE JUDGE OF THIS COURT:

Alex Jones filed his Motion for Leave ("Motion") to file a Second Amended Counterclaim ("SAC"). [Dkt. 28]. Capitalized and undefined terms used herein have the meanings in the Motion. The fifteen Connecticut Plaintiffs ("Plaintiffs") have filed a Response in Opposition (the "Response"). [Dkt. 30]. This is Jones's Reply in support of his Motion. Jones respectfully but firmly reaffirms that it would be an abuse of discretion for this Court not to allow his SAC to be filed.

A. **PLAINTIFFS DO NOT ADEQUATELY ADDRESS JONES'S RIGHTS TO AMEND**.

1. Notably, Plaintiffs do not even mention let alone discuss any of the authorities -- US Supreme Court or Fifth Circuit -- that appear in Jones's Motion that establish Jones's right to

1

amend and this Court's obligations to so allow. For example, Plaintiffs do not mention the requirements enunciated in *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) that "[T]he language of this rule 'evinces a bias in favor of granting leave to amend.'" Also unaddressed in the Response, are the Fifth Circuit's holdings in *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) that (a) the policy of the federal rules is to permit liberal pleading and amendment, thus facilitating adjudication on the merits while avoiding an excessive formalism [*id*. at 597-598]; and (b) a plaintiff should be afforded notice of a pleading deficiency and an opportunity to cure and dismissal is generally only appropriate if there has been a "repeated failure to cure deficiencies by amendments previously allowed" [*id*.].

2. Also unaddressed is the Fifth Circuit mandate set forth in *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir. 1986) that "[a] complaint sought to be dismissed under Rule 12(b)(6) may generally be amended to cure its deficiencies." Discussion of this point was even reiterated by the Fifth Circuit as recently as 2025, in *Neuens v. Tulino*, 2025 U.S. App. LEXIS 12249, *4 (5th Cir. 2025), also unaddressed by Plaintiffs.

3. Also ignored is the Fifth Circuit requirement articulated in *Dark v. Potter,* 293 F. App'x 254, 257 (5th Cir. 2008) that amendments to complaints must be permitted to allow plaintiffs to state their "best case," which only occurs when they are apprised of the alleged insufficiency of their complaint but take no further action to cure the alleged deficiencies.

4. By omitting even a mention of these authorities and their binding holdings, Plaintiffs hope to mislead this Court into not allowing filing of the SAC, once again hoping to lead this Court into reversible error. This Court should not be deceived.

B. **PLAINTIFFS DO NOT CONTEST THE ELEMENTS OF A §1983 CLAIM OR THAT JONES HAS ALLEGED THE FIRST ELEMENT, NAMELY A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.**

5. Jones's Motion states the elements of a properly pleaded §1983 claim as follows:

> "A person may assert a §1983 claim against anyone who under color of any statute, ordinance, regulation, custom, or usage, of any State" violates that person's rights under the Constitution. To state such a claim, such person must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."

*Anderson v. Valdez*, 845 F.3d 580, 599 (5th Cir. 2016). Plaintiffs' Response does not dispute this is the law or that Jones has adequately pleaded the first of the two elements, namely the Constitutional rights Jones was deprived of, and this is thus deemed established.

C. **PLAINTIFFS BADLY MISSTATE THE LAW REGARDING WHEN AND HOW PLAINTIFFS ACTED UNDER COLOR OF STATE LAW.**

6. Plaintiffs' first substantive argument is the erroneous assertion that Jones's SAC is futile as the SAC does not adequately state grounds for holding that the Plaintiffs acted under color of state law. Before addressing what the law actually is on when private plaintiffs act under color of state law, some of Plaintiffs many misstatements of the law on this must be addressed.

7. First, Plaintiffs begin their argument on this subject with a non-existent quote from an irrelevant case, Plaintiffs' Response stating:

> An essential element of Jones's § 1983 claim is that the Connecticut Families "were acting under color of state law when they committed the constitutional violation." *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir. 2013) (emphasis added).

Shockingly, *Whitley v Hanna* contains no such quote or language that even comes close.[1] Plaintiffs appear to have made that one up.

8. Equally miscited is Plaintiffs' reference to *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). *Wong* **does** say that one avenue for finding a non-governmental actor's actions to be

---

[1] Moreover, *Whitley* is also factually irrelevant. That case involved claims that a former City of Brownwood police sergeant Vincent Ariaz sexually abused the plaintiff there and Defendants-Appellees were state officers involved in the investigation and used her as "sexual bait" to strengthen their prosecutorial case against Ariaz. *Whitley* at 634-35.

3

state action is when a private party performs a function which is traditionally the exclusive province of the state. *Id*. However, Plaintiffs then falsely and inexplicably add that *Wong* stated "[t]hose functions typically involve a person performing ancillary functions to law enforcement or corrections facilities." *Wong* does not even suggest such to be the case.

9.　　Plaintiffs also miscite *Howard Gault Co. v. Tex. Rural Legal Aid, Inc.*, 848 F.2d 544, 554 (5th Cir. 1988) as standing for the proposition that "[p]leading actionable facts against non-governmental actors is made even more difficult when, as here, "an independent evaluation by the judiciary had taken place." Resp. at p. 6.  That statement is factually wrong and taken wholly out of context.  Significantly, in *Howard Gault* the Fifth Circuit in fact found private parties acted under color of state law -- a holding Plaintiffs ignore. Moreover, Plaintiffs out-of-context quote from *Howard Gault* was made in distinguishing other cases, where the Fifth Circuit addressed "independent judicial review," in a specific context, irrelevant here, stating:

> "The enforcing of a judgment was distinguished from action taken by a private party who merely brought suit seeking a judicial determination, or the simple seeking and obtaining of a temporary restraining order, or even the action of a private party who misused a lawful state procedure with inadvertent assistance from a state court judge. **In the last three situations, an independent evaluation by the judiciary had taken place. It could not be said that the private litigant was acting 'under color of state law...'"**

*Howard Gault* at 553-554.  Thus, not only is that statement irrelevant here, Plaintiffs have mischaracterized what the Court actually said.

10.　　Plaintiffs' assertion that *Earnest v. Lowentritt*, 690 F.2d 1198, 1200 (5th Cir. 1982) holds that Jones can plead a private individual acts under color of state law "***only*** when there is corruption of judicial power by the private litigant....Bribery is the commonly cited example of the necessary level of corruption." Resp. p. 6 (emphasis added).  That is neither the law nor what *Earnest* said.

4

11. This was made clear not only in *Earnest*, but in *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992), a default judgment was entered against a judgment debtor in a debt action brought by creditor banks. Several years later, the creditor banks began to attempt to collect the judgment. Seeking damages and declaratory relief via §1983, the §1983 plaintiff then sued the creditor banks as defendants for violating his civil rights. The district court granted the creditor banks' 12(b)(6) motion and the Fifth Circuit reversed. The Fifth Circuit held that while the creditor banks who were defendants in the §1983 suit were private litigants in the underlying action, in obtaining their default judgment in the underlying state action, the court could not say the §1983 plaintiff could prove no set of facts to support his claim. Specifically, citing *Earnest*, the Fifth Circuit stated,

> "Thus, a plaintiff could prevail if he could show that the private defendants willfully participated in a joint action with a state official. We cannot say, therefore, that the Plaintiff can prove no set of facts to support his allegation. The dismissal of the §1983 claim was in error."

*McCartney* at 47 (internal quotes and cites omitted). While bribery and corruption would surely qualify, their presence was not required. Here, the SAC pleads facts very similar, if not identical to those in *McCartney*.

12. The United States Supreme Court has made crystal clear the law on when acts of a private litigant constitute action under color of state law, and there are three bases --not two as the Response incorrectly states -- the Supreme Court writing:

> "Under this Court's cases, a private entity can qualify as a state actor ..., (i) when the private entity performs a traditional, exclusive public function, (ii) when the government compels the private entity to take a particular action; or (iii) when the government acts jointly with the private entity."

*Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (internal citations omitted) (*citing Lugar v. Edmondson Oil Co.*, 457 U. S. 922, 941-942, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). The Fifth Circuit has obviously echoed the three bases. *See, e.g., Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005) (holding there are three tests that provide exceptions to the general rule: the public function test, the nexus test, and the joint action test.). Notably Plaintiffs cite neither the US Supreme Court cases nor *Cornish*.

13.     Here, the SAC clearly alleges all three and the Response ignores theses specific pleadings. Specifically, the SAC alleges that the state of Connecticut handed over to the Plaintiffs the adjudicative powers reserved exclusively to the state, abdicating its non-delegable judicial responsibilities in a civil case involving a media defendant, speech on matters of public concern, and claims brought by public figures involving fundamental constitutional rights. The SAC alleges that a State may not delegate to private litigants the power to determine the truth or falsity of protected speech, the existence of malice, or the constitutional limits on punishment involving a press/media defendant speaking on matters of public concern in a suit brought by public figures. Those are governmental functions imposed by the Constitution itself and state law and incapable of delegation, particularly regarding fundamental constitutional rights. If such a delegation does, occur as here, the State has ceased to perform its adjudicatory role and has instead conferred that role on private litigants, meaning they are operating under color of state law, satisfying all three tests for finding private litigates have acted under color of state law.

14.     Moreover, the SAC pleads that in the State handing the reins of adjudicatory power to private parties while retaining only the shell of judicial office and then enforcing the ensuing judgment based on the declarations of liability judicially decreed by the Counterclaim Defendants, (a) the State did not determine whether specific statements were made by Jones, but allowed the

6

Plaintiffs to make that determination, and judicially accepted their unilateral conclusion with no questions asked or evidence offered; (b) the State did not determine whether any of those statements were actionable facts rather than opinion or hyperbole, but allowed the Plaintiffs to make that determination, and judicially accepted their unilateral conclusion with no questions asked or evidence offered; (c) the State did not determine whether any of the Plaintiffs were actually identified in the speech at issue, but allowed the Plaintiffs to make that determination, and judicially accepted their unilateral conclusion and hearsay testimony with no questions asked or evidence offered and objections overruled; (d) the State did not determine whether any challenged statements were false, but allowed the Plaintiffs to make that determination, and judicially accepted their unilateral conclusion with no questions asked or evidence offered; (e) the State did not determine whether Jones acted with actual malice proven by clear and convincing evidence, but allowed the Plaintiffs to make that determination, and judicially accepted their unilateral conclusion with no questions asked or admissible evidence offered; and (f) the State did not determine whether the award of punitive damages met constitutional standards, but allowed the Plaintiffs to make such determinations and judicially accepted their unilateral conclusion with no questions asked or evidence offered.

15. The Response addresses none of these SAC assertions, literally relegating their response on the above to one sentence:

> "The constitutional violations Jones alleges involve the Connecticut trial court's imposition of death penalty sanctions against him for Jones's violations of protective orders and discovery abuse." Resp. p. 6. [2]

---

[2] The Response ignores the SAC's express pleading that the reasons the trial court handed its adjudicative authority to the Plaintiffs were not the pivotal issue, the SAC stating at ¶12:

> "The issue here is not why the default was entered. The issue is what the State allowed that default to accomplish. By transforming unproven allegations into binding facts and by foreclosing any independent judicial or jury determination on state and fundamental constitutional rights and constitutionally mandated elements, the State relinquished its exclusive adjudicatory function, transferring core sovereign decision-making authority from the judiciary to private parties."

7

16.     Moreover, Plaintiffs then spend the balance of their Response on this issue misrepresenting both the holdings of *Howard Gault* and Jones's SAC regarding the community's hostility to Jones and its cooperation with the Plaintiffs, the later allegation being completely ignored by the Plaintiffs. For example, the Response erroneously claims

> Here, all Jones has alleged is that people generally find him and his conduct reprehensible and have taken ideological positions contrary to his own. Jones does not, as required by *Howard Gault Co.*, allege a single fact showing that any of the alleged state involvement was used to obtain the sactions [sic]." Resp. ¶15.

17.     Such a misstated reduction of the SAC wholly ignores Jones's numerous allegations in the SAC of Community assistance, including to name only a few (emphasis added in each):

- The Commission as a state agency both received large scale assistance from many of the Counterclaim Defendants and other family members of the victims **and reciprocated by assisting the Counterclaim Defendants in the development and prosecution of the claims that are the subject of this Counterclaim**. SAC, ¶73.

- **The Plaintiffs were aided in their decisions and prosecutions against Jones** by (i) state agencies and employees, (ii) family members of victims some of whom had been state employees, and (iii) a Connecticut community that was galvanized in, and fueled by, their common grief and trauma based on an assault of state owned and operated Sandy Hook Elementary school. SAC, ¶78

- The challenged conduct occurred within a broader environment of state involvement, involvement of State institutions, State employees, community pressure, and political alignment that further confirmed attribution to the State. **State officials and law-enforcement personnel met with and supported Counterclaim Defendants and their counsel**. SAC, ¶137.

18.     These connections go far beyond the community involvement that was found sufficient to establish state involvement in *Howard Gault* and the Response omits any discussion of these points except to re-state them in restated and dismissive terms. As the Fifth Circuit stated in reversing the 12(b)(6) dismissal in *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992): "We cannot say, therefore, that the Plaintiff can prove no set of facts to support his

allegation. The dismissal of the § 1983 claim was in error." This is certainly true especially considering that this Court must "assume the truth of all well-pleaded facts." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

D. **PLAINTIFFS' ARGUMENTS ARE NEGATED BY THE FACT THEIR DOMESTICATION AND ATTEMPTED TURNOVER ACTIONS ARE VOID.**

19. Plaintiffs' second substantive argument is the erroneous assertion, boiled to its essence, that Jones's SAC is futile as Plaintiffs' domestication and related efforts at a turnover/receiver, cannot be attacked by counterclaim. See e.g., Response p. 4 ("The filing of a foreign judgment under the UEFJA comprises both the plaintiff's original petition and the final judgment. *Walnut Equip. Leasing Co., Inc. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996).").

20. What Plaintiffs hope this Court will ignore is that their domestication of their foreign judgment in Texas and subsequent turnover actions thereon, are void under Texas law, as they violated the automatic stay provisions of §362(a).

21. Under Texas law, actions taken when a stay is in effect are void, not merely voidable. *York v. State*, 373 S.W.3d 32, 39-40 (Tex. 2012). *See also S. Cal. Sunbelt Developers, Inc. v. Grammer*, 2019 Tex. App. LEXIS 11185, at *36 (Tex. App.—Austin 2019, pet. denied) that cites *York*. Even the filing of motions asking for relief is void. *Chisholm v. Chisholm*, 2007 Tex. App. LEXIS 3936, *2 (Tex. App.—San Antonio, 2007). Under federal law, the stay is in effect even if assets are merely "arguably" in the *Estate. Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303 (5th Cir. 2005).

22. Importantly, if an action is void due to the applicability of §362(a), this means a trial court that entered that void order or took action thereon, lacked jurisdiction to act. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 551-552 (Tex. App.—Dallas 2009, pet.).

9

And a void act taken without jurisdiction, can be challenged at any time; considerations of collateral estoppel are irrelevant. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012).

23. Hence, Plaintiffs' assertions about limitations on counterclaims in actions that domesticate and enforce foreign judgments is both wrong and irrelevant. Nothing precludes Jones from filing his Counterclaims, just like any litigant in a removed action can file counterclaims. *See Com/Tech Commun. Techs. v. Wireless Data Sys.*, 163 F.3d 149, 1998 U.S. App. LEXIS 31780 (2d Cir. 1998) (holding that after civil action is removed to federal district court from state court, state procedural rules no longer apply, and counterclaims must then be permitted in accordance with FRCP 13, whether or not such counterclaims would have been allowed in state court).

24. The existence of the automatic stay also negates any arguments for undue delay or prejudice. After first noting the phrase "undue" (discussed in Plaintiffs opening brief), the Plaintiffs can hardly contend they have experienced any prejudice as they neither asked for nor received, relief from the automatic stay to allow them to proceed. [3]

E. **PLAINTIFFS HAVE ASSERTED NO AFFIRMATIVE DEFENSES.**

25. Plaintiffs claim that they have certain affirmative defenses to the Counterclaims making the Counterclaims thus futile. But Plaintiffs have asserted no "affirmative defenses." While so obvious as to barely merit mention, it is axiomatic that they cannot now rely on affirmative defenses that have not asserted. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 344 (5th Cir. 2023) (*citing Taylor v. Sturgell*, 553 U.S. 880, 907, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)); see Fed. R. Civ. P. 8(c)(1).

F. **PLAINTIFFS WRONGLY STATE A FORUM STATE DEFENDANT MAY NEVER UTILIZE SNAP REMOVAL**

---

[3] Plaintiffs have continuously and falsely suggested that this Court has found the debt referenced by the Connecticut Judgment to be "nondischargeable." Such is patently false. There has been no final dischargeability determination.

26. Under the general heading that the Plaintiffs' "Motion to Remand Moots Jones's Motion For Leave," paragraphs 5-7, Plaintiffs aggregate certain separate points claiming each to be jurisdictional impediments "mooting" Jones's Motion. Each are wrong and misstate authorities.

27. One such wrong assertion made without any supporting authority is the claim that as a forum-state defendant himself, Jones may never utilize "snap removal" regardless of the nature of the proceeding. This point, however, completely ignores all authority cited in Plaintiffs' Notice of Removal [Dkt. 1] including the 2020 Fifth Circuit case of T*ex. Brine Co. LLC v. Am. Arbitration Ass'n, Inc.,* 955 F.3d 482, 487 (5th Cir. 2020) which specifically held: "A non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." This holding was reaffirmed in *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022). It is undisputed that none of the Plaintiffs in this matter is a citizen of Texas. Hence complete diversity exists. 28 USCS §1441 provides what is known as the "forum defendant" rule stating:

> "A civil action otherwise removable solely on the basis of [diversity]... may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Had Jones been served before he removed, removal would not have been possible because of §1441. However, since Jones had not been served at the time of removal, as both *Texas Brine* and *Levy* hold, the forum defendant rule does not apply and unserved defendant Jones could and did properly remove the case. Here again, Plaintiffs misstate the law.

28. Next, again, without cited authority Plaintiffs claim that because Jones is a forum state defendant, domestication proceedings under the Uniform Enforcement of Foreign Judgments Act ("UEFJA") do not require Plaintiffs to "join and serve" a defendant-- i.e. Jones -- and therefore tell this Court snap removal is not available. Resp.¶6. Relatedly, the Response wrongly claims a

11

domestication proceeding of their Connecticut judgment in Texas under the UEFJA is considered ancillary to, rather than a suit separate from, the originating Connecticut Judgment and is therefore not a "civil action" that may be removed under Section 1441.

29.  As to the first part, as just stated, Jones status as "forum state" defendant is irrelevant. See e.g., T*ex. Brine Co. LLC v. Am. Arbitration Ass'n, Inc.,* 955 F.3d 482, 487 (5th Cir. 2020) and *In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022).

30.  As to Plaintiffs' claim that a domestication proceeding where a Connecticut judgment is filed in Texas, is not a removable civil action, Plaintiffs are again wrong and a host of cases so state.  For example, in *Kosachuk v. 9197-5904 Quebec, Inc.*, 2025 U.S. Dist. LEXIS 50113 (S.D. Fla., 2025) ("Magistrate Report") report and recommendation adopted 2025 U.S. Dist. LEXIS 74325 (S.D. Fla., 2025) (District Court Opinion), the plaintiff received a judgment in a bankruptcy court in Pennsylvania and domesticated that judgment in Florida.  The defendant removed the domestication proceeding to federal court 9 months after domestication.  Both the Magistrate Report and the District Court Opinions held the domestication of an out of state judgment was a proper proceeding for removal.  The problem was not the propriety of the removal but the fact that the defendant took 9 months to initiate removal and hence it was untimely.  Thus a domestication is a removal proceeding.

31.  As. to the timeliness of removal, citing the Supreme Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999), the District Court in *Kosachuk* noted that the 30-day removal period did not begin to run until the defendant was actually served with process. Magistrate Report, *6  While  the defendant claimed he had never been properly served with process, and hence the 30-day removal clock had not begun to run before his removal, both the Magistrate and District Court held that the required service of citation and notice had been

waived by the defendants' continual challenges to the domestication in state court, noting that "[w]here a defendant has not been properly served, courts look to whether the defendant has waived service under state law in gauging the timeliness of removal." *Kosachuk* at *8. By continuing to litigate in state court for 9 months with knowledge the whole time that the domestication action had been filed, the court held that waiver of notice and service of citation had occurred. *Kosachuk* at *10 ("Defendant did not file its notice of removal by December 13, 2023. Instead, while the removal deadline ran, Defendant continued to litigate in state court.").

32. This clearly negates another of Plaintiffs' contentions which is that Jones's removal notice was untimely. Specifically, Plaintiffs claim removal was "filed 62 days after he received notice of filing and was there for untimely." Response, p.3. The Supreme Court has mandated that the 30-day removal period does not begin to run until the defendant is served with process in a domestication of a foreign judgment. *Murphy Bros*. at 350. Jones's Notice of Removal (Dkt. 1) and Response to Motion to Abstain [Dkt. 12, ¶6] demonstrate Jones never received service of process or citation, but at the first actual notice of domestication when presented with a request for turnover, Jones removed the matter virtually immediately thereafter. [4]

## CONCLUSION

Jones requests that he be permitted to file his Second Amended Counterclaim and to any and all other relief to which he may be entitled.

---

[4] Plaintiffs' citation to *Jackson-Platts v. Gen. Elec. Cap. Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) is meaningless as it deals with actions to enforce judgments initiated against third parties who had not been involved in the underlying proceedings. Even then, *Jackson-Platts* held removal was proper.

Dated: March 12, 2026

                        Respectfully submitted,

                        */s/ Ben C. Broocks*
                        BEN C BROOCKS
                        State Bar No. 03058800
                        WILLIAM A. BROOCKS
                        St. Bar No. 24107577
                        BROOCKS LAW FIRM PLLC
                        248 Addie Roy Road, Suite B301
                        Austin, Texas 78746
                        Phone: (512) 201-2000
                        Fax: (512) 201-2032
                        Email: bbroocks@broockslawfirm.com
                        wbroocks@broockslawfirm.com
                        **COUNSEL FOR ALEX JONES**


                        SHELBY A. JORDAN
                        State Bar No. 11016700
                        S.D. No. 2195
                        ANTONIO ORTIZ
                        State Bar No. 24074839
                        S.D. No. 1127322
                        ***Jordan & Ortiz, P.C.***
                        500 North Shoreline Blvd., Suite 804
                        Corpus Christi, TX  78401
                        Telephone: (361) 884-5678
                        Facsimile:  (361) 888-5555
                        Email:  sjordan@jhwclaw.com
                                  aortiz@jhwclaw.com
                        Copy to: cmadden@jhwclaw.com
                        **CO-COUNSEL FOR ALEX JONES**

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a true and correct copy of the foregoing document was served electronically on all parties receiving or entitled to notice through the Court's CM/ECF.

                                      */s/ Ben C. Broocks*
                                 BEN C BROOCKS